SABERS, Justice
(dissenting).
[¶ 24.] I dissent.
[¶25.] The State had the burden to prove beyond a reasonable doubt every element of the crime charged. In this case, the defendant was sitting on her motorcycle, stopped at a stop sign, when her motorcycle was struck from behind, through no fault of her own.
[¶ 26.] The State claims that Motzko had an abnormal mental and physical condition depriving her of the clearness of intellect and self control she normally possessed. There is no showing that Motzko had an abnormal mental or physical condition. There is also no showing that Motzko was deprived of the clearness of intellect and self control she normally possessed. Therefore, the State failed to put forward adequate evidence supporting its claim. Even though the evidence and inferences are to be viewed in the light most favorable to the verdict, we should not lose sight of our duty to determine whether the evidence was “sufficient to sustain a finding of guilt beyond a reasonable doubt.” ¶ 6 supra. When, as in the present case, the evidence falls short of that standard, we should not hesitate to reverse.[11]
[¶27.] In addition, under the circumstances of this case, I submit it was error for the trial court to refuse her proposed jury instruction which provided:
In South Dakota it is not illegal to drink and drive unless the consumption of alcohol is of a degree to render the driver under the influence of an alcoholic beverage as stated in the foregoing instruction.
[¶ 28.] This is a correct statement of the law in South Dakota and the jury should have been so instructed under the circumstances of this case.
[¶ 29.] MEIERHENRY, Justice, joins this dissent.

. Otherwise, a defendant’s right to appeal is reduced to the right to receive an appellate rubber stamp of the trial court’s rulings.